UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

April 27, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Jacqueline H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1631-BAH

Dear Counsel:

On July 1, 2022, Plaintiff Jacqueline H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 9, the parties' cross-motions for summary judgment, ECFs 10 and 14, [1] Plaintiff's reply, ECF 15, and the parties' supplemental briefs addressing recent Fourth Circuit caselaw, ECFs 18 and 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and Title XVI application for Supplemental Security Income ("SSI") in June 2014, alleging a disability onset of December 1, 2013. Tr. 283–98. Plaintiff's claims were denied initially and on reconsideration. Tr. 198–202, 205–06. On May 18, 2017, an Administrative Law Judge ("ALJ") held a hearing. Tr. 83–119. Following the hearing, on November 15, 2017, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 9–20. After exhausting administrative remedies, Plaintiff sought judicial review in this Court. Tr. 1292–96. On April 23, 2019, the Court remanded the case back to the SSA for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 1298–1300. The Appeals

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Plaintiff filed her motion before the effective date of the standing order, and Defendant docketed a motion for summary judgment instead of a brief.

[2] 42 U.S.C. §§ 301 et seq.

*Jacqueline H. v. Kijakazi*
Civil No. 22-1631-BAH
April 27, 2023
Page 2

Council ("AC") vacated the ALJ's prior decision and remanded the case back to an ALJ "for further proceedings consistent with the order of the court." Tr. 1304. A different ALJ then held new hearings on February 6, 2020, and February 23, 2021. Tr. 1256–80, 1281–91. Thereafter, the ALJ issued a new decision on March 3, 2021, again finding Plaintiff not disabled. Tr. 1233–46. The AC denied review, Tr. 1223–29, so the ALJ's 2021 decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "engaged in substantial gainful activity from the alleged onset date to June 2014," but that "there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity." Tr. 1236. At step two, the ALJ found that Plaintiff suffered from the severe impairment of "spine disorder." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "[o]bstructive sleep apnea, generalized anxiety disorder, depression, obesity, hypertension, diabetes mellitus, asthma, and osteoarthritis, bilateral knees and hips." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1239. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could operate foot controls bilaterally on a frequent basis; could frequently climb stairs, stoop, kneel, crouch, and crawl; should never climb ladders; should avoid concentrated exposure to hazards and pulmonary irritants; and any time off-task can be accommodated by normal breaks.

Tr. 1240. After considering testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff was able to perform past relevant work as a nursery school attendant (DOT[3] Code

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected*

359.677-018) and teacher aide I (DOT Code 099.327-010), as well as other jobs that existed in significant numbers in the national economy. Tr. 1244–46. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1246.

## III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises three arguments on appeal, specifically that the ALJ erroneously: (1) failed to properly consider Plaintiff's knee impairment, ECF 10-1, at 14–16; (2) failed to properly evaluate the medical opinions relating to Plaintiff's physical impairments, *id.* at 16–18; and (3) failed to properly evaluate the medical opinions relating to Plaintiff's mental impairments by not accounting for the cyclical nature of Plaintiff's mental impairments, *id.* at 18–21. Defendant counters that the ALJ properly (1) considered Plaintiff's knee impairment, ECF 14-1, at 5–8; (2) evaluated the opinion evidence in the record, *id.* at 8–12; and (3) supported the mental RFC with substantial evidence, *id.* at 12–14. The parties also take adverse positions on whether the Fourth

---

*Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Jacqueline H. v. Kijakazi*
Civil No. 22-1631-BAH
April 27, 2023
Page 4

Circuit's recent case of *Shelley C. v. Commissioner*, 61 F.4th 341 (4th Cir. 2023), requires remand. Defendant contends that *Shelley C.* did not change the standard for evaluating medical opinions under 20 C.F.R. §§ 404.1527(c) and 416.927(c), and the ALJ properly complied with that standard. ECF 18, at 1–6. Plaintiff argues that the ALJ's cursory citation to the relevant factors is not sufficient to properly evaluate a medical opinion under 20 C.F.R. §§ 404.1527(c) and 416.927(c). ECF 19, at 1–2.

    A. <u>The ALJ's Conclusions Regarding Plaintiff's Knee Impairment Are Supported by Substantial Evidence.</u>

Plaintiff first argues that "[t]he ALJ failed to support with substantial evidence his evaluation of Plaintiff's knee impairment" at step two and in formulating the RFC. ECF 10-1, at 14. "At step two of the five-step sequential evaluation, the ALJ determines if the claimant has an impairment, or a combination of impairments, that is severe and meets the duration requirement." *Sharon W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2707, 2019 WL 2234499, at *1 (D. Md. May 23, 2019) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). An impairment is "severe" if it "significantly limit[s the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a); 416.922(a). If the claimant has not met their burden of establishing the existence of any severe impairments, the ALJ will find that the claimant is not disabled. *See Sharon W.*, 2019 WL 2234499, at *1; 20 C.F.R. §§ 404.1520(c), 416.920(c). If, however, the ALJ finds any impairment to be severe, "the ALJ continues with the sequential evaluation and considers how each of the claimant's impairments impacts her ability to perform work." *Sharon W.*, 2019 WL 2234499, at *1 (citing 20 C.F.R. § 404.1520). In formulating a claimant's RFC, the ALJ "consider[s] all of [the claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe' . . . ." 20 C.F.R § 404.1545(a)(2); *see also* 20 C.F.R. §§ 404.1545(e), 416.945(a)(2), 416.945(e).

Here, at step two, the ALJ determined that Plaintiff's "osteoarthritis, bilateral knees and hips are nonsevere impairments." Tr. 1236. The ALJ explained that some of the medical evidence from 2014 and 2015 indicated "antalgic gait," "tenderness to palpation," and "weakness" due to "chronic arthritic changes in the right knee, mild osteoarthritic changes in the left knee, and arthritic changes in both hips." Tr. 1237. The ALJ further explained, however, that pain management treatment notes spanning from June 2015 to May 2017 indicated generally normal and/or mild findings and that treatment, including steroid injections, viscosupplementation,[4] and pain medication, helped ease Plaintiff's pain symptoms. *Id.*

Plaintiff argues that the "ALJ's characterization of the knee issue is very different from the facts" and points to multiple pieces of evidence demonstrating Plaintiff's continued knee issues

---

[4] According to the American Academy of Orthopaedic Surgeons, viscosupplementation is a procedure where "a gel-like fluid called hyaluronic acid is injected into the knee joint." Jared R. H. Foran, MD, FAAOS, *Viscosupplementation Treatment for Knee Arthritis*, OrthoInfo – AAOS (Feb. 2021), https://orthoinfo.aaos.org/en/treatment/viscosupplementation-treatment-for-knee-arthritis/.

Jacqueline H. v. Kijakazi
Civil No. 22-1631-BAH
April 27, 2023
Page 5

after January 2016. ECF 10-1, at 15. Though the ALJ could have more thoroughly explained Plaintiff's treatment history, the opinion makes clear that the ALJ considered the evidence to which Plaintiff points the Court. *See* Tr. 1237 (citing Tr. 934–1036,[5] 1592–1618).[6]

Plaintiff further argues that the ALJ did not sufficiently address Plaintiff's "continuing pain or the administration of injections and viscosupplementation" at subsequent steps of the sequential evaluation process. The Fourth Circuit has explained that "neither our caselaw nor the regulations explicitly require" an ALJ to "specifically address" a claimant's non-severe impairments in an RFC assessment. *Britt*, 860 F. App'x at 262. "The judge is only required to *consider* these non-severe impairments." *Id.* (emphasis in original). Here, it is clear from the opinion that ALJ considered Plaintiff's knee impairment in the RFC after deeming it non-severe at step two. *See* Tr. 1238 ("Although the claimant's obesity and osteoarthritis are nonsevere and her knee and hip pain have been responsive to treatment, the undersigned has considered the effects of these impairments in assessing the residual functional capacity, including the postural and push/pull limitation."), 1243–44 ("Pain management treatment records document grossly limited lumbar spine range of motion and some limitation of range of motion in the hips and knees . . . ."). Thus, remand is not warranted on this issue.

    B. <u>The ALJ Properly Evaluated the Medical Opinions Relating to Plaintiff's Physical Impairments.</u>

For cases filed prior to March 27, 2017, ALJs weigh medical opinions in accordance with 20 C.F.R. §§ 404.1527(c) and 416.927(c). This regulatory framework requires an ALJ first to follow the "treating physician rule," which mandates that the medical opinion of a treating physician be entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "[T]he treating physician rule is a robust one: '[T]he opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence.'" *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 (4th Cir. 2020) (citing *Coffman*, 829 F.2d at 517). At the same time, the treating physician rule "is not absolute," and an ALJ may afford a treating physician's opinion less weight if there is more persuasive contradictory evidence in the record. *Hines v. Barnhart*, 453 F.3d 559, 563 n.2 (4th Cir. 2006) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

"Second, if a medical opinion is not entitled to controlling weight under the treating physician rule, an ALJ must consider each of the following factors to determine the weight the opinion should be afforded: (1) the '[l]ength of the treatment relationship and the frequency of

---

[5] This page range refers to Exhibit 27F, which appears to be duplicative of Exhibit 26F. Plaintiff's brief cites to 26F, whereas the ALJ cites to 27F. *See* ECF 10-1, at 15; Tr. 1237.

[6] Plaintiff does not argue that the ALJ erred in finding Plaintiff's knee impairment non-severe, rather than severe.

*Jacqueline H. v. Kijakazi*
Civil No. 22-1631-BAH
April 27, 2023
Page 6

examination'; (2) the '[n]ature and extent of the treatment relationship'; (3) '[s]upportability,' i.e., the extent to which the treating physician 'presents relevant evidence to support [the] medical opinion'; (4) '[c]onsistency,' i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to 'issues related to his or her area of specialty"'; and (6) any other factors raised by the parties 'which tend to support or contradict the medical opinion.'" *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384–85 (4th Cir. 2021) (citing 20 C.F.R. § 404.1527(c)(2)(i)–(6)); *see also* 20 C.F.R. § 416.927 (c)(2)(i)–(6); "[A]n ALJ should give adequate attention to each 20 C.F.R. § 404.1527(c) [and § 416.927(c)] factor." *Shelley C.*, 61 F.4th at 355 (citing *Dowling*, 986 F.3d at 386; *Triplett v. Saul*, 860 F. App'x 855 (4th Cir. 2021)).

Plaintiff is correct that in *Shelley C.*, the "Fourth Circuit's concern was about evidence of adequate consideration for each factor." ECF 19, at 1 (citing *Shelley C.*, 61 F.4th at 355). The Fourth Circuit emphasized that "[m]ere acknowledgement of the regulation's existence is insufficient and falls short of the ALJ's duties." *Shelley C.*, 61 F.4th at 354. Nevertheless, the Fourth Circuit also made clear that a reviewing court is permitted to infer that the ALJ considered the factors based on the opinion as a whole. *See id.* at 354 ("From this discussion, we can infer that the ALJ was aware of the examining relationship that existed between Shelley C. and Dr. Beale, which satisfies 20 C.F.R. § 404.1527(c)'s first factor."), at 355 ("Further, the ALJ also acknowledged that Shelley C. was 'seeing' Dr. Beale. . . . From this, we gather that the ALJ was aware of the examining relationship that existed between Shelley C. and Dr. Beale, thereby satisfying 20 C.F.R. § 404.1527(c)'s first factor."). Here, the ALJ only briefly cited to the factors listed at 20 C.F.R. §§ 404.1527 and 416.927 after evaluating the medical opinions in the record. Tr. 1244. Yet a careful reading of the ALJ's opinion demonstrates that the ALJ adequately considered each of the factors as required.

First, the ALJ noted the length of the treating relationship by explaining that Plaintiff sought pain management treatment lasted from June 2015 through May 2017. Tr. 1241. The ALJ also acknowledged that the medical opinions at issue, Tr. 640–42, 809–11, were provided by Plaintiff's "pain management treatment providers," i.e., specialists who had a treatment relationship with Plaintiff over that time period. Tr. 1243. The ALJ acknowledged that treatment notes supported some limitations but ultimately concluded that the pain specialists' opinions were not supported by treatment notes or other medical evidence in the record. Tr. 1243–44 ("Pain management treatment records document grossly limited lumbar spine range of motion and some limitation of range of motion in the hips and knees but consistently normal gait and normal bilateral lower extremity strength . . . ."), 1244 ("These findings and other medical evidence in the record fail to support the stated degree of limitation.").[7]

---

[7] I also note that the medical opinions at issue are standard check-the-box forms which contain virtually no explanation to corroborate the medical sources' conclusions. Tr. 640–42, 809–11. "Such pre-printed forms have been recognized by Courts as having 'limited probative value,' especially when they lack well-supported explanatory notes." *Hunt v. Comm'r of Soc. Sec.*, No. 3:21-CV-111-DCK, 2022 WL 17839811, at *6 (W.D.N.C. Dec. 21, 2022) (citation omitted); *see also Shayna R. v. Kijakazi*, No. 21-1803-BAH, 2022 WL 1239876, at *3 (D. Md. Apr. 27, 2022)

Plaintiff argues that because Plaintiff's treating pain specialists and the consultative examiners limited Plaintiff to sedentary work, the ALJ should have as well. ECF 10-1, at 17–18. "However, an ALJ need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." *Jackson v. Comm'r*, No. CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. Apr. 24, 2014) (Gallagher, J.), *report and recommendation adopted*, (D. Md. May 14, 2014), ECF 21. The ALJ explained that despite the consultative examiners limiting Plaintiff to "stand[ing]/walk[ing] two hours in an eight-hour day," he ultimately concluded that this limitation "is inconsistent with the claimant's frequently normal gait, lower extremity strength, and other objective findings, which support a limitation to light work." Tr. 1242. Of note, the consultative examiners' opinions are dated March 10, 2015, prior to Plaintiff's treatment course, and July 21, 2015, about a month into Plaintiff's treatment course. *See* Tr. 120–30, 168–81. The ALJ relied on treatment records post-dating these opinions to find that the consultants' stand/walk limitations were not consistent with the medical evidence. Ultimately, the ALJ followed the prescribed regulations in evaluating the medical opinions in the record and adequately explained his reasoning, so remand is not warranted.[8]

C. <u>The ALJ Properly Evaluated the Medical Opinions Related to Plaintiff's Mental Impairments.</u>

The same is true of the ALJ's analysis of the medical opinions regarding Plaintiff's mental impairments. Plaintiff argues that "the ALJ's analysis is faulty as the ALJ did not address the cyclical nature of Plaintiff's conditions." ECF 10-1, at 19. Yet the ALJ did expressly note that "Dr. Gooden[, Plaintiff's treating psychiatrist,] observed signs of depression and anxiety *at times*" "over a period of nearly three years" and that her "mental health symptoms were responsive to outpatient treatment." Tr. 1243 (emphasis added). The ALJ cited to Dr. Gooden's treatment records for the proposition that Plaintiff's "outpatient psychiatric treatment records document improvement with medication, evidenced by her own reports of improvement and her mental status examinations, which showed no gross mental status abnormalities during multiple appointments." Tr. 1239 (citing Tr. 617–37, 1037–68). The ALJ evaluated Dr. Gooden's and Ms. Robinson's opinions properly under the relevant regulation noted above. He noted that Dr. Gooden was Plaintiff's "[t]reating psychiatrist" "over a period of nearly three years," weighed his opinion against the evidence in the record, including Dr. Gooden's treatment notes, and concluded that the evidence in the record "is not consistent with [the] degree of limitation" suggested by Dr. Gooden. Tr. 1243. The ALJ also noted that "[t]he record documents only two meetings between [Plaintiff] and Ms. Robinson," and that "notes from those meetings do not support the degree of limitation assessed." *Id.* Plaintiff's argument ultimately amounts to a request to reweigh the evidence, which

---

(noting issues with check-the-box forms).

[8] Plaintiff also fails to explain how the outcome may be different on remand. At the 2021 hearing, Plaintiff's counsel declined to present an alternative hypothetical to the VE that included an RFC limiting someone of Plaintiff's age, education, and work experience to sedentary rather than light work. Tr. 1275–78.

I am not permitted to do.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  The ALJ followed the proper legal framework in analyzing the medical opinions in the record and supported his conclusions with substantial evidence.

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Governed by that standard, I find that the ALJ's decision is supported by substantial evidence and that remand is unwarranted.  Stated differently, after reviewing the ALJ's opinion, I am not "left to guess about how the ALJ arrived at his conclusions on [Plaintiff's] ability to perform relevant functions," thus remand is not necessary.  *Mascio*, 780 F.3d at 637.

## V. <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 10, is DENIED and Defendant's motion for summary judgment, ECF 14, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge